IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

TONY ALLEN CASTRO,                    )
                                      )
              Petitioner,             )
                                      )
v.                                    )        Case No. CIV-07-315-HE
                                      )
STATE OF OKLAHOMA[1] and              )
ERIC FRANKLIN/WARDEN,                 )
                                      )
              Respondents.            )

## REPORT AND RECOMMENDATION

The Petitioner, Mr. Tony Castro, is a state inmate requesting an evidentiary hearing and a writ of habeas corpus. The Court should deny both requests.

## BACKGROUND

Mr. Castro pled guilty in state court to second degree burglary of an automobile and escape from arrest or detention.[2] The court sentenced Mr. Castro in accordance with the plea agreement, imposing two concurrent 20-year sentences. *See* Judgment and Sentence, *State v. Castro*, Case No. CF-2006-6 (Custer Co. Dist. Ct. Feb. 27, 2006). The Petitioner did not move to withdraw the guilty plea.

---

[1]     In a footnote, the Respondents seek dismissal of the State of Oklahoma as an improper party. Response to Petition for Writ of Habeas Corpus at p. 1 n.1 (Apr. 3, 2007) ("Respondents' Response"). In light of the recommendation to deny habeas relief, the Court need not decide whether the State was properly named as a respondent.

[2]     Plea of Guilty Summary of Facts at pp. 1-2, *State v. Castro*, Case No. CF-2006-6 (Custer Co. Dist. Ct. Feb. 27, 2006); *see* Petition USC § 2254 Writ of Habeas Corpus at p. 1 (Mar. 13, 2007) ("Petition").

Instead, Mr. Castro applied for state post-conviction relief,[3] and the state district court denied relief based on waiver.[4]  The Oklahoma Court of Criminal Appeals ("OCCA") affirmed and concluded that the Petitioner had failed to establish denial of an appeal through no fault of his own.  Order Affirming Denial of Application for Post-Conviction Relief at pp. 1-2, *Castro v. State*, Case No. PC-2006-764 (Okla. Crim. App. Oct. 4, 2006).

Mr. Castro filed a second application for post-conviction relief,[5] and the state courts again denied relief based on waiver.[6]

The Petitioner initiated the present action, alleging:

- ineffective assistance of trial counsel,

- insufficient evidence of guilt,

- involuntariness of the plea and coercion, and

- denial of the right to appeal.

---

[3]     Application for Post Conviction Relief, *Castro v. State*, Case No. CF-2006-6 (Custer Co. Dist. Ct. May 26, 2006) ("First Application for Post-Conviction Relief").

[4]     Post-Conviction Findings, *Castro v. State*, Case No. CF-2006-6 (Custer Co. Dist. Ct. June 23, 2006).

[5]     Subsequent Application for Post-Conviction Relief Pursuant to Oklahoma Court Rules and Procedure, Title 22 § 1086, *Castro v. State*, Case No. CF-2006-6 (Custer Co. Dist. Ct. Nov. 14, 2006) ("Second Application for Post-Conviction Relief").

[6]     Court Order/Minute, *Castro v. State*, Case No. CF-2006-6 (Custer Co. Dist. Ct. Nov. 17, 2006); Order Affirming Denial of Subsequent Application for Post-Conviction Relief at pp. 1-2, *Castro v. State*, Case No. PC-2006-1287 (Okla. Crim. App. Mar. 1, 2007).

*See* Petition at pp. 6-7.[7]

## STANDARD FOR HABEAS RELIEF

The applicable standard turns on whether the OCCA has addressed the merits of the claim.  The OCCA did not address the Petitioner's claims on the merits,[8] and the federal district court must exercise its independent judgment.[9]

## INSUFFICIENCY OF THE EVIDENCE

Many of Mr. Castro's arguments stem from his belief that the State lacked sufficient evidence to charge second degree burglary of an automobile or escape from arrest or detention.  *See* Petition at pp. 6-7; Petitioner's Reply at pp. 2-5, 13-14.  The Petitioner is not entitled to habeas relief on this ground.[10]

---

[7]     In a reply brief, Mr. Castro added allegations involving:

- cumulative error,

- denial of equal protection,

- vagueness of Oklahoma's enhancement statute, and

- failure of his attorney to negotiate a reasonable plea agreement.

Petitioner's Response to Respondts [sic] Response to Petition for Writ of Habeas Corpus at pp.  2, 4, 6 (Apr. 16, 2007) ("Petitioner's Reply").  The Court should decline to address these claims based on their omission in the petition.  *See United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002) ("we [do not] consider arguments raised for the first time in a reply brief").

[8]     *See supra* pp. 1-2.

[9]     *See, e.g.*, *Hain v. Gibson*, 287 F.3d 1224, 1229 (10th Cir. 2002).

[10]     The Respondents urge a procedural bar on this claim and others based on the failure to timely file a motion to withdraw the guilty plea.  Respondents' Response at pp. 4-7.  But the Court need not address the issue of procedural default when the claim is invalid on the merits.  *See Miller v.*

3

"When a criminal defendant pleads guilty in Oklahoma, he admits all of the elements of the crime with which he is charged.  His admission is the evidence that convicts him." *Slayton v. Willingham*, 726 F.2d 631, 634 (10th Cir. 1984) (*per curiam*) (citation omitted).  Thus, in habeas proceedings, a petitioner "waives all non-jurisdictional defenses" when he voluntarily pleads guilty.  *Atkins v. State of Kansas*, 386 F.2d 819, 819 (10th Cir. 1967) (*per curiam*) (citations omitted).  Because insufficiency of the evidence is non-jurisdictional, a valid guilty plea forecloses habeas relief for insufficiency of the evidence.[11]

## INVOLUNTARINESS OF THE GUILTY PLEA

Mr. Castro claims that his plea was involuntary because:

- he had not realized that the sentence enhancement was illegal,

- he had not known about the requirement to serve 85% of his sentence for escape from arrest or detention,

- his attorney had coerced the plea, and

---

*Mullin*, 354 F.3d 1288, 1297 (10th Cir. 2004) (*per curiam*) (declining to address issues involving procedural default "[i]n the interest of judicial economy" "'because the case may be more easily and succinctly affirmed on the merits'" (citations omitted)).

[11]     *See United States v. Riley*, 103 F.3d 145, 1996 WL 709935, Westlaw op. at 1 (10th Cir. Dec. 11, 1996) (unpublished op.) ("A defendant who voluntarily and intelligently pleads guilty waives all non-jurisdictional challenges to his conviction, including challenges based on the grounds of insufficiency of the evidence." (citation omitted)); *Johnson v. Franklin*, 2007 WL 2028957, Westlaw op. at 1-2, 7 (W.D. Okla. July 10, 2007) (unpublished op.) (the petitioner's entry of a guilty plea waived the nonjurisdictional defense involving insufficient evidence); *Alvarado v. Sirmons*, Case No. CIV-99-148-W, slip op. at 18 (W.D. Okla. Sept. 20, 1999) (unpublished report and recommendation by magistrate judge) (stating that a guilty plea forecloses habeas relief for a state prisoner "based on insufficiency of the evidence"), *adopted* (W.D. Okla. Jan. 12, 2000) (unpublished order by district judge), *appeal dismissed*, 3 Fed. Appx. 778 (10th Cir. Jan. 22, 2001) (unpublished op.) (dismissing the appeal "for substantially the same reasons" given by the magistrate judge and district judge).

•    the trial court had failed to develop a factual basis for the plea.

Petition at p. 7.[12]  These claims are meritless.

I.    The Constitutional Test

"On review, a federal court may set aside a state court guilty plea only for failure to satisfy due process."  *Cunningham v. Diesslin*, 92 F.3d 1054, 1060 (10th Cir. 1996) (citation omitted).  The Fourteenth Amendment's Due Process Clause permits a guilty plea only if it is knowing and voluntary.  *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969).  The plea must represent a deliberate, intelligent choice;[13] and the defendant must have "a full understanding of what the plea connotes and of its consequence."[14]

II.    Alleged Illegal Enhancement

In part, Mr. Castro alleges that his attorney had failed to disclose the inability to enhance the sentence with his former conviction.  *See supra* pp. 4-5.  According to Mr. Castro, enhancement was improper because he had not completed his sentence on the former conviction and had not had a hearing for revocation of the suspended sentence in the earlier proceedings.  Both arguments are invalid.

---

[12]    Liberally construed, the Petitioner's claims also suggest involuntariness and coercion based on trial counsel's misrepresentation about the maximum length of the sentence for escape from arrest or detention.  *See infra* p. 15 n.21.  That allegation is addressed below.  *See infra* pp. 16-23.

[13]    *See Parke v. Raley*, 506 U.S. 20, 28 (1992).

[14]    *Boykin v. Alabama*, 395 U.S. 238, 244 (1969).

First, the Petitioner argues that authorities could not use the former conviction for enhancement until it had been discharged.  Petition at p. 7.  In advancing this argument, Mr. Castro misreads the Oklahoma enhancement statute.

Oklahoma law allows enhancement with a prior conviction when a new crime is committed "within ten . . . years of the date following the completion of the execution of the sentence."  Okla. Stat. tit. 21 § 51.1(A) (2002 supp.).  Mr. Castro seems to interpret this language to mean that the ten-year period begins only when the sentence is fully served.  *See supra* pp. 5-6.  But "the statutory phrase 'within ten (10) years of the date following the completion of the execution of the sentence' describes only the end point, and not the starting point" of eligibility for enhancement.  *Owens v. Hines*, 44 Fed. Appx. 428, 430 (10th Cir. Aug. 21, 2002) (unpublished op.).  Thus, the Petitioner's former conviction was final and useable for enhancement even though he was still serving the sentence.[15]

Second, Mr. Castro suggests that his former conviction could not be used for enhancement because of the unavailability of a hearing prior to revocation of the suspended sentence.  Petition at p. 7; Petitioner's Reply at p. 3.  This suggestion is factually and legally invalid.

---

[15]    *See Owens v. Hines*, 44 Fed. Appx. at 430 (rejecting a petitioner's claim that his attorney should have objected to the use of his prior conviction for enhancement because "he had not yet completed his term of imprisonment on his prior felony convictions"); *Williams v. Sirman*, Case No. CIV-04-706-C, slip op. at 11 (W.D. Okla. Apr. 25, 2005) (unpublished report and recommendation by magistrate judge) (holding that a prior conviction was useable for enhancement even though the habeas petitioner had not completed the sentence), *adopted* (W.D. Okla. Aug. 2, 2005) (unpublished order by district judge), *appeal dismissed*, Case No. 06-6001 (10th Cir. Aug. 11, 2006) (unpublished op.).

The suggestion is factually invalid because the record reflects the existence of a hearing where the Petitioner pled guilty to the motion for revocation and stipulated to the State's allegations.  The colloquy was:

| | |
|---|---|
| MR. BECKER: | Your Honor, we also have a Motion in CRF 90-8. |
| THE COURT: | All right.   That's a Motion to Revoke Mr. Castro's suspended sentence. |
| | To that charge, Mr. Castro, what plea do you make? |
| THE DEFENDANT: | Guilty. |
| THE COURT: | And you're stipulating the factual allegations in the Motion are true and correct? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | We'll show that you've done that, and that we'll revoke your suspended sentence and reimpose that sentence at this time – the balance of that time. |
| THE DEFENDANT: | (Nods head.) |

Transcript:  Guilty Plea/Judgment and Sentence at p. 6, *State v. Castro*, Case Nos. CF-2006-6, CF-90-8 (Custer Co. Dist. Ct. Feb. 27, 2006).[16]

---

[16]     The Respondents state that the plea hearing had been recorded, but not transcribed. Respondents' Response at p. 3.  This statement is incorrect.  The Custer County Court Clerk confirmed that the hearing had been transcribed and provided the federal district court clerk with a copy, which is subject to judicial notice.  *See St. Louis Baptist Temple, Inc. v. Federal Deposit Insurance Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979); *see also United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (exercising discretion to take judicial notice of state court records, including "the transcript of the sentencing proceeding").

Legally, the Petitioner's suggestion is invalid because the sentence could be enhanced regardless of whether the suspended sentence had been revoked.   Under state law, enhancement of the sentence was permissible if the prior offense had been "punishable by imprisonment in the State Penitentiary . . . ." Okla. Stat. tit. 21 § 51.1(A) (2002 supp.).  Mr. Castro's prior conviction was for first degree manslaughter, which was punishable in Oklahoma by imprisonment in the state penitentiary.  *See* Okla. Stat. tit. 21 § 715 (1981) ("Every person guilty of manslaughter in the first degree is punishable by imprisonment in the penitentiary for not less than four (4) years.").   As a result, the prior manslaughter conviction was useable for enhancement of the subsequent sentence regardless of whether the suspended sentence was revoked.  The Petitioner's theory contradicts not only the record, but also state law.

III.     Alleged Ignorance of the 85% Rule

Mr. Castro also alleges that when he pled guilty, he did not know that he would need to serve 85% of his sentence for escape from arrest or detention.  *See supra* pp. 4-5. However, Oklahoma law does not require the Petitioner to serve 85% of the sentence.  *See* Okla. Stat. tit. 21 § 12.1 (2001) (establishing the need to serve 85% of the sentences for listed crimes); Okla. Stat. tit. 21 § 13.1 (2002 supp.) (listing the crimes subject to the 85% requirement).

IV.   <u>Alleged Attorney Coercion</u>

The Petitioner adds that he had been "coerced" by his attorney.  *See supra* pp. 4-5; Petition at p. 7.  "[C]oercion by the accused's counsel can render a plea involuntary." *Fields v. Gibson*, 277 F.3d 1203, 1213 (10th Cir. 2002) (citation omitted).  But Mr. Castro has not provided examples or alleged any facts that would suggest coercion, and his conclusory allegations are insufficient.  *See United States v. Gamboa*, 197 Fed. Appx. 795, 797 (10th Cir. Oct. 3, 2006) (unpublished op.) (denying habeas relief in part because the petitioner had presented no evidence to support a conclusory claim of attorney coercion on a guilty plea).

The Petitioner's allegation is also belied by the record.  For example, Mr. Castro swore in open court that no one had forced him to enter his guilty plea.  *See* Transcript: Guilty Plea/Judgment and Sentence at p. 4, *State v. Castro*, Case Nos. CF-2006-6, CF-90-8 (Custer Co. Dist. Ct. Feb. 27, 2006).  And the Petitioner signed a sworn document indicating that he:

- could read and understand the guilty plea form,

- understood the nature and consequences of the proceedings and the charges,

- believed his attorney had effectively assisted him and was satisfied with his attorney's advice,

- had pled guilty of his "own free will and without any coercion or compulsion,"

- had not been "forced, abused, mistreated, or promised anything by anyone" to enter a guilty of plea, and

- agreed with all the answers given on the plea agreement form.

Plea of Guilty Summary of Facts at pp. 1-3, *State v. Castro*, Case No. CF-2006-6 (Custer Co. Dist. Ct. Feb. 27, 2006).

Mr. Castro's sworn testimony and affirmations on the guilty plea form belie the allegation of coercion.[17]  Therefore, habeas relief is unwarranted on the coercion claim.

## V.   Alleged Failure of the Trial Court to Develop a Factual Basis for the Plea

According to the Petitioner, the trial court had failed to develop a factual basis for his plea.  *See supra* pp. 4-5.  This claim is invalid, factually and legally.

Factually, the claim is invalid because Mr. Castro swore that he had broken into a truck, stolen boots, and run from the officer after being placed under arrest.  Plea of Guilty Summary of Facts at p. 3, *State v. Castro*, Case No. CF-2006-6 (Custer Co. Dist. Ct. Feb. 27, 2006).

Legally, the claim is invalid because the federal constitution does not require a factual basis for the plea.  *See Sena v. Romero*, 617 F.2d 579, 581 (10th Cir. 1980) ("Sena's contention that the absence of a record showing of a factual basis for his plea is an independent ground for invalidating the plea, is without merit." (citation omitted)); *Freeman v. Page*, 443 F.2d 493, 497 (10th Cir. 1971) (holding that the federal procedural requirement

---

[17]   *See United States v. Gamboa*, 197 Fed. Appx. 795, 797 (10th Cir. Oct. 3, 2006) (unpublished op.) ("[Mr. Gamboa's] conclusory claims that his attorney and the district judge colluded to coerce him into pleading guilty are belied by his statement that he was satisfied with his attorney's services and by the free and open exchange between Mr. Gamboa and the judge."); *Raven v. Attorney General of State of Oklahoma*, 185 F.3d 875, 1999 WL 390967, Westlaw op. at 2-3 (10th Cir. June 15, 1999) (unpublished op.) (the petitioner's conclusory allegations of coercion provided insufficient evidence to rebut the court record establishing voluntariness of the guilty plea).

for a factual basis underlying a guilty plea is not mandated by the constitution and "is not binding on the State Courts").[18]

As a result, Mr. Castro's habeas claim is not only factually invalid, but also legally invalid.

VI.     Summary

Mr. Castro has not established the involuntariness of his guilty plea, and the Court should disallow habeas relief on the related claims.

ALLEGED IRREGULARITIES
IN POST-CONVICTION PROCEEDINGS

Mr. Castro also alleges denial of his right to appeal in post-conviction proceedings. Petition at p. 7. In part, the Petitioner claims that the state district court had failed to address all of his allegations in the post-conviction proceedings.[19] *See id.* But Mr. Castro has no constitutional right to post-conviction review. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) ("States have no obligation to provide [a post-conviction] avenue of relief[.]"). As a result, the alleged errors in post-conviction proceedings would not entitle Mr. Castro to

---

[18]     A narrow exception exists, requiring a factual basis for the guilty plea when a defendant protests his innocence at the time of the plea. *See Berget v. Gibson*, 188 F.3d 518, 1999 WL 586986, Westlaw op. at 5 (10th Cir. Aug. 5, 1999) (unpublished op.) ("Only when the defendant claims his factual innocence while pleading guilty . . . have state courts been constitutionally required to establish a factual basis for a plea." (citations omitted)); *Woolridge v. Kaiser*, 937 F.2d 617, 1991 WL 132438, Westlaw op. at 3 (10th Cir. July 16, 1991) (unpublished op.) (substantially similar quotation). This exception is inapplicable here because Mr. Castro did not protest his innocence at the time of his guilty plea. *See* Transcript: Guilty Plea/Judgment and Sentence at pp. 3-4, *State v. Castro*, Case Nos. CF-2006-6, CF-90-8 (Custer Co. Dist. Ct. Feb. 27, 2006).

[19]     Mr. Castro also alleges denial of the right to appeal based on his trial attorney's ineffectiveness. Petition at p. 7. That allegation is discussed below. *See infra* pp. 15-16.

habeas relief.  *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (the petitioner's claim focused only on errors in post-conviction proceedings and could not support habeas relief because the state had no obligation to afford post-conviction proceedings).

## INEFFECTIVE ASSISTANCE OF COUNSEL

The Petitioner alleges that trial counsel was constitutionally ineffective for failure to investigate and move for withdrawal of the guilty plea.  Petition at pp. 6-7.  These claims do not justify habeas relief.

## I.      Standard for Ineffective Assistance of Counsel

On a claim involving ineffective assistance of counsel, a petitioner must show that the attorney's performance was constitutionally deficient and prejudicial.  *See Strickland v. Washington*, 466 U.S. 668, 690-91 (1984).  "[P]rejudice" involves "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

## II.     Alleged Failure to Investigate

Mr. Castro claims that if counsel had properly investigated, he would have known that the State lacked enough evidence to charge second degree burglary of an automobile or escape from arrest or detention.  Petition at p. 6; Petitioner's Reply at p. 3.  The alleged shortcomings in the investigation were not prejudicial.

In this context, the issue of prejudice involves inquiry into whether further investigation "would have led counsel to change his recommendation as to the plea." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (dictum).

In Oklahoma, a charge of second degree burglary of an automobile requires evidence of:

- breaking and entering,

- an automobile,

- of another,

- in which property is kept,

- with the intent to steal.

*See* Okla. Stat. tit. 21 § 1435 (2001); OUJI-CR 5-13 (2nd ed.).

Escape from arrest or detention requires evidence of:

- an escape or attempted escape,

- from a peace officer,

- after lawful arrest or detention.

*See* Okla. Stat. tit. 21 § 444 (2001); OUJI-CR 6-52 (2nd ed.).

In light of these elements, Mr. Castro cannot show a probability of different advice by his attorney if he had investigated further.[20]  The victim gave a statement indicating that

---

[20]     In the present action, Mr. Castro states that he was an alcoholic during his criminal proceedings and "was relying on his attorney."  Supplemental Brief of Petitioner at p. 3 (Sept. 12, 2007).

he had seen a man crouched behind a fence.  *See* Custer County Sheriff's Office Voluntary Statement at p. 1 (victim's voluntary statement on Jan. 2, 2006).  The individual ran, and the victim discovered an empty boot box in his yard.  The boot box had previously been in the victim's vehicle and had contained a pair of boots.  *See id.* at pp. 1-2.

The victim called the sheriff's office, and a sheriff deputy responded.  *See* Custer County Sheriff's Office Incident Report (statement of Deputy Kevin Evans on Jan. 1, 2006).  According to the deputy's report, he saw a boot and a bag laying in a nearby field and began to approach.  *See id.*  When he did, the officer saw Mr. Castro trying to hide in the field.  *See id.*  The deputy informed the Petitioner that he was under arrest, but Mr. Castro began to run.  *See id.*  Mr. Castro was eventually caught.  The bag in the field contained the other boot, along with items bearing the Petitioner's name.  *See id.*

Had Mr. Castro's attorney reviewed this information, he likely would have concluded that the jury would have found guilt on both charges.  *See supra* p. 13.  Consequently, the Petitioner was not prejudiced by his attorney's alleged shortcomings in the pretrial investigation regarding guilt.

The same is true at the sentencing stage.  According to the Petitioner, an investigation would have revealed an inability to enhance the sentence with the prior felony conviction because it had not been discharged and there had been no revocation hearing.  Petition at p. 6; Petitioner's Reply at p. 3.  As discussed above, however, the enhancement was proper and the Petitioner's underlying challenges to the sentence are invalid.  *See supra* pp. 5-8.

14

Consequently, Mr. Castro cannot show prejudice from the alleged limitations in the attorney's investigation on sentencing issues.

Finally, Mr. Castro believes that if his attorney had further investigated, he would have realized that the sentence was excessive because he had been mischarged. Petitioner's Reply at pp. 4-5.[21] As discussed above, however, further investigation would not have revealed an error in the charge. *See supra* pp. 13-14. Thus, trial counsel's alleged failure to investigate on these grounds could not have been prejudicial to Mr. Castro.

III.    Alleged Failure to File a Motion to Withdraw the Petitioner's Guilty Plea

Mr. Castro also alleges that his attorney had failed to file a motion to withdraw the guilty plea. *See supra* pp. 2-3, 12. Even if the allegation were true, the Petitioner could not show prejudice.

The Petitioner must demonstrate a reasonable probability that if counsel had filed the motion, the state court would have allowed withdrawal of the guilty plea.[22] Mr. Castro cannot meet that burden.

---

[21]    Liberally construed, Mr. Castro's petition and reply brief suggest a claim involving ineffective assistance of counsel based on an unrelated theory involving an excessive sentence. *See supra* p. 5 n.12. That claim is addressed below. *See infra* pp. 16-23.

[22]    *See*, *e.g.*, *Garcia v. Bravo*, 181 Fed. Appx. 725, 731 (10th Cir. May 23, 2006) (unpublished op.) (rejecting an ineffective assistance of counsel claim because "[e]ven if [the attorney] had performed as Mr. Garcia asserts he should have, there is not a reasonable probability a state court would have permitted Mr. Garcia to withdraw his guilty plea").

Mr. Castro's challenge to the sentence enhancement is invalid under Oklahoma law,[23] and the Petitioner admitted that he had committed the crimes.[24]  With this admission, the OCCA found that the Petitioner's plea was knowing and voluntary.  *See* Transcript:  Guilty Plea/Judgment and Sentence at p. 4, *State v. Castro*, Case Nos. CF-2006-6, CF-90-8 (Custer Co. Dist. Ct. Feb. 27, 2006). Consequently, Mr. Castro cannot show a reasonable probability that the trial court would have allowed withdrawal of the guilty plea even if the desired motion had been filed.  *A fortiori*, the Petitioner cannot show prejudice from the attorney's alleged failure to file a motion for withdrawal of the plea.

### MISREPRESENTATION CONCERNING THE SENTENCING OPTIONS FOR ESCAPE AND THE RELATED HABEAS CLAIMS

Mr. Castro also suggests that his sentence for escape from arrest or detention had exceeded the maximum and that trial counsel had misrepresented the possible sentence range for that crime.  *See*, *e.g.*, Petitioner's [sic][25] (Dec. 18, 2007) (confirming the intent to raise

---

[23]     *See supra* pp. 5-8.

[24]     On his Plea of Guilty Summary of Facts form, Mr. Castro admitted that he had:

- "broke[n] into a pickup,"

- taken "some boots,"

- heard the officer announce the arrest, and

- "r[u]n from the deputy."

Plea of Guilty Summary of Facts at p. 3, *State v. Castro*, Case No. CF-2006-6 (Custer Co. Dist. Ct. Feb. 27, 2006).

[25]     The Petitioner's memorandum was simply titled: "Petitioner's."

the claim in the habeas petition).  For these claims, Mr. Castro seeks an evidentiary hearing.

Supplemental Brief of Petitioner at p. 3 (Sept. 12, 2007).  The Respondents argue that these

factual claims are unexhausted.  Supplemental Brief of Respondent at pp. 4-5 (Sept. 24,

2007).  But return to state court would be futile, and the Court should reject these claims on

grounds of procedural default and deny an evidentiary hearing.[26]

I.     Exhaustion

State prisoners must ordinarily exhaust all available state court remedies before

qualifying for habeas relief.  *See* 28 U.S.C. § 2254(b)(1) (2000).  To exhaust the claims, the

inmate must "fairly present[]" the issue to the state courts.  *Picard v. Conner*, 404 U.S. 270,

275-76 (1971).

---

[26]     The Respondents allege a procedural default on some issues, but not on the claims involving erroneous information about the sentencing options on the conviction for escape from arrest or detention.  *See supra* pp. 3-4 n.10.  For these claims, the Court stated to the attorneys that it would consider procedural default *sua sponte*.  *See* Amended Courtroom Minute Sheet (Feb. 25, 2008). With *sua sponte* consideration, the Court gave the Petitioner an opportunity to file a supplemental brief on the issue of procedural default.  *See id.*  He declined to present a further brief on the issue, but stated that the Respondents had waived the defense of procedural default.  *See id.*  The Petitioner's assertion of a waiver does not foreclose consideration of the procedural default.

Regardless of whether the Respondents had waived a procedural bar defense on these habeas claims, the Court can address the issue *sua sponte*.  As the Tenth Circuit Court of Appeals explained, "the state procedural default doctrine substantially implicates important values that transcend the concerns of the parties to an action."  *Hardiman v. Reynolds*, 971 F.2d 500, 503 (10th Cir. 1992). Thus, "a federal habeas court can always raise procedural bar *sua sponte*."  *Romano v. Gibson*, 239 F.3d 1156, 1168 (10th Cir. 2001) (citations omitted); *see Hardiman v. Reynolds*, 971 F.2d at 504-505 (holding that the court can raise the state procedural bar defense *sua sponte* when the parties fail to address the issue); *see also Odum v. Boone*, 62 F.3d 327, 329-30 (10th Cir. 1995) (stating that the respondents' failure to raise procedural bar does not prevent *sua sponte* consideration by the court).

The threshold question is whether Mr. Castro had fairly presented the substance of these allegations in state court.  The Court should answer in the negative, as it recently did in *Fryar v. Peterson*, 2007 WL 2068644 (W.D. Okla. July 17, 2007) (unpublished op.).

In *Fryar*, the petitioner alleged that his sentence was excessive because he had committed no crimes during his escape and enhancement had been improper.  *See Fryar v. Peterson*, 2007 WL 2068644, Westlaw op. at 1 (W.D. Okla. July 17, 2007) (unpublished op.), *appeal dismissed*, 2007 WL 4355351 (10th Cir. Dec. 13, 2007) (unpublished op.).  But in state court, the petitioner had alleged excessiveness based on the circumstances of his case rather than an improper enhancement.  *Id.*, Westlaw op. at 2.  The Court determined that the latter issue had not been fairly presented to the state court and was therefore unexhausted. *Id.*, Westlaw op. at 1-2.

The same reasoning applies here.  In state court, Mr. Castro alleged ineffective assistance of counsel, involuntariness, and excessive sentence on various grounds.  *See* First Application for Post-Conviction Relief, *passim*; Second Application for Post-Conviction Relief, *passim*.  But the Petitioner never argued to the state courts that the sentence had exceeded the maximum, that trial counsel was ineffective for allowing the sentence to exceed the maximum, or that his plea was involuntary as a result.  *See id.*  Consequently, these allegations are unexhausted.

II.    <u>Procedural Default</u>

A return to state court would be futile, as Mr. Castro has already filed two applications for post-conviction relief without the present claims. *See supra* pp. 2, 18. If Mr. Castro returned to state court, presenting new theories on involuntariness or excessiveness of the sentence, the appellate court would likely deem the claims waived. *See* Order Affirming Denial of Subsequent Application for Post-Conviction Relief at p. 2, *Castro v. State*, Case No. PC-2006-1287 (Okla. Crim. App. Mar. 1, 2007) (explaining that claims raised in Mr. Castro's second application for post-conviction relief were deemed waived because they had not been raised in the first application for post-conviction relief); *see also* Okla. Stat. tit. 22 § 1086 (2001) (claims must be raised in the first application for post-conviction relief in the absence of "sufficient reason" for the omission).

Likewise, the Petitioner has already raised ineffective assistance of counsel claims in state court. *See* First Application for Post-Conviction Relief, *passim*; Second Application for Post-Conviction Relief, *passim*. If he attempted to raise an ineffective assistance of counsel claim on a new theory, the state court would reject the claim as *res judicata*. *See Hooks v. State*, 902 P.2d 1120, 1122 n.4 (Okla. Crim. App. 1995) ("[The OCCA will] consider this issue-and all instances of trial counsel ineffectiveness which could have been raised but were not-res judicata for purposes of . . . post-conviction appeal.").

Because a return to state court would be futile, the Court should reject the Respondents' exhaustion argument. But if the procedural bar involved independent and adequate state procedural grounds, habeas relief would be unavailable. *See Coleman v.*

19

*Thompson*, 501 U.S. 722, 735 n.1 & 750 (1991).  As discussed above, the procedural bar involved a failure to present the pertinent habeas claims in the first or second post-conviction application, resulting in wavier and *res judicata*.  *See supra* p. 19.  Both principles are considered independent and adequate in this circuit.[27]

To overcome the procedural default, Mr. Castro must show either:

- cause and prejudice for the default or

- a fundamental miscarriage of justice absent consideration of the claims.

*See Duvall v. Reynolds*, 139 F.3d 768, 797 (10th Cir. 1998).  The Petitioner does not justify either exception.

First, Mr. Castro does not present any explanation for his failure to raise the claims in his prior applications for post-conviction relief.

Second, to invoke the fundamental miscarriage of justice exception, the Petitioner must "supplement[] his constitutional claim with a colorable showing of factual innocence." *Brecheen v. Reynolds*, 41 F.3d 1343, 1357 (10th Cir. 1994) (citations omitted).  Mr. Castro

---

[27]     *See Moore v. Reynolds*, 153 F.3d 1086, 1097 (10th Cir. 1998) (*res judicata* was considered independent and adequate when the petitioner had failed to present the claim in the first post-conviction application); *Smallwood v. Gibson*, 191 F.3d 1257, 1268 (10th Cir. 1999) (*res judicata* and waiver are considered "independent and adequate" grounds of procedural default when a petitioner had failed to assert the claims in his first post-conviction application).

admits that he should have been charged with resisting arrest or attempting to elude a police

officer.[28]  In light of this admission, Mr. Castro's allegations suggest only legal innocence

and are insufficient to overcome the procedural default.[29]

Because Mr. Castro has not shown cause or a fundamental miscarriage of justice, the

Court should decline to reach the merits of these claims.

III.    Request for an Evidentiary Hearing

Federal law restricts the availability of evidentiary hearings when a petitioner fails to

develop the factual basis of his habeas claim in state court.  *See* 28 U.S.C. § 2254(e)(2)

(2000).  "Under the opening clause of [28 U.S.C.] § 2254(e)(2), a failure to develop the

factual basis of a claim is not established unless there is lack of diligence, or some greater

fault, attributable to the prisoner or the prisoner's counsel."  *Williams v. Taylor*, 529 U.S.

420, 432 (2000).  Ordinarily, a petitioner will be considered "diligent" only if he had

requested "an evidentiary hearing in state court in the manner prescribed by state law."  *Id.*

at 437.

In state court, Mr. Castro did not diligently attempt to develop the factual basis of the

habeas claims involving trial counsel's alleged error about the sentencing options on the

---

[28]     *See* Petitioner's Reply at p. 13; *see also* Petition in Error and Brief in Support of Appeal
From Denial of Post-Conviction Relief at p. 7, *Castro v. State*, Case No. PC-2006-764 (Okla. Crim.
App. July 17, 2006) ("Petitioner admitts [sic] that he simply attempted to Elude siad [sic] sheriffs
[sic] Deputy.").

[29]     *See*, *e.g.*, *Selsor v. Kaiser*, 22 F.3d 1029, 1035-36 (10th Cir. 1994) (stating that the petitioner
could not demonstrate a fundamental miscarriage of justice based on an allegedly illegal sentence
without showing actual innocence of the underlying crime).

escape charge.  As discussed above, Mr. Castro never presented the claims in state court.  *See supra* pp. 2, 18-19.  He could have done so and tried to present supporting evidence in the direct appeal or post-conviction proceedings.[30]

In light of the failure to diligently establish the factual basis of the claims in state court, the Petitioner must show that:

(A)     the claim relies on - -

    (i)     a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (ii)    a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B)     the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2)(A)-(B) (2000).

Mr. Castro cannot satisfy his burden because he does not rely on:

- a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court or

- a factual predicate that had been impossible to learn earlier through the exercise of due diligence.

---

[30]     *See* Okla. Stat. tit. 22 § 1084 (2001) (governing evidentiary hearings in connection with a post-conviction application); Rule 3.11(B)(3)(b), Rules of the Oklahoma Court of Criminal Appeals (governing requests for evidentiary hearings on direct appeal for claims involving ineffective assistance of counsel).

As a result, the Petitioner's lack of diligence in state court precludes an evidentiary hearing in connection with the habeas claims involving erroneous advice on the sentencing options for the escape conviction.

<u>RECOMMENDATION AND NOTICE OF THE RIGHT TO OBJECT</u>

For the reasons discussed above, the undersigned recommends denial of the requests for an evidentiary hearing and issuance of a writ of habeas corpus.

The Petitioner can object to this report and recommendation.  To do so, Mr. Castro must file an objection with the Clerk of this Court.  The deadline for objections is March 25, 2008.  *See* W.D. Okla. LCvR 72.1.  The failure to timely object would foreclose appellate review of the suggested rulings.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

<u>STATUS OF THE REFERRAL</u>

The referral is terminated.

Entered this 5th day of March, 2008.


_____
Robert E. Bacharach
United States Magistrate Judge