**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| TONY ALLEN CASTRO, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-07-0315-HE |
| | ) | |
| STATE OF OKLAHOMA and | ) | |
| ERIC FRANKLIN, WARDEN | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Tony Allen Castro, a state inmate, filed a petition requesting an evidentiary hearing and a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to Magistrate Judge Robert E. Bacharach, who recommended that both the request for an evidentiary hearing and the writ of habeas corpus be denied.

Petitioner filed an objection to the Report and Recommendation, asserting that the Magistrate Judge had disregarded authority as to what constitutes ineffective assistance of counsel and that the judge erred in finding that the substance of the allegations had not been fairly presented in state court and were thus subject to procedural default. The fact that the Magistrate Judge elected not to cite any of the four cases referenced in petitioner's objection—especially given that all are from Circuit courts other than the 10th Circuit— does not, however, render the Report and Recommendation suspect. Further, the Report and Recommendation appropriately addresses whether petitioner's allegations had been fairly presented in state court.

> A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition. A claim has been exhausted when it has been fairly presented to the state court. Fair presentation requires more than presenting all the facts necessary to support the federal claim to the state court or articulating a somewhat similar state-law claim. Fair presentation means that the petitioner has raised the substance of the federal claim in state court.

*Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) (quotations and citations omitted). The Report and Recommendation found that some of the ineffective assistance of counsel issues raised in the state court proceedings differed from those raised in the petition, and this court agrees. *See Hawkins v. Mullin*, 291 F.3d 658, 669 (10th Cir. 2002) ("The fact that Hawkins asserted some ineffective-assistance claims in state court, therefore, will not suffice to exhaust this significantly different federal habeas claim challenging counsel's failure to conduct an adequate investigation or to advise Hawkins properly.").

After conducting a de novo review of petitioner's objections, the court concludes, for substantially the same reasons as the Magistrate Judge, that a return to state court would be futile and that petitioner's claims of ineffective assistance of counsel due to potential misrepresentation of the possible sentence range is subject to procedural default. Accordingly, the court **ADOPTS** the Report and Recommendation [Doc. # 42] and **DENIES** the petition for an evidentiary hearing and a writ of habeas corpus.

**IT IS SO ORDERED**.

Dated this 15th day of September, 2008.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE